**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DARIAN DOORNBOS KEDY, Personal Representative of the ESTATE OF CHARLES FOSTER DOORNBOS,<br><br>        Plaintiff,<br><br>vs.<br><br>HARRIS N.A., successor by merger to Harris Trust and Savings Bank, a banking institution; THE HARRIS BANK N.A., a banking institution; and PATRICIA K. GILLILAND DOORNBOS,<br><br>        Defendants. | Case No. 07-CV-638-GKF-FHM |

**OPINION AND ORDER**

This matter comes before the court on the Motion to Remand [Docket No. 15] of plaintiff Darian Doornbos Kedy, Personal Representative of the Estate of Charles Foster Doornbos. Plaintiff contends that removal from state court was untimely and that the Notice of Removal facially fails to establish a basis for removal.

On September 13, 2007, plaintiff served defendant Patricia K. Gilliland Doornbos ("Patsy") with a summons and Petition. On September 24, 2007, Patsy's counsel entered an appearance in the state court action and filed a motion to dismiss pursuant to 12 Okla. Stat. § 2012(B)(8), which prohibits another action pending between the same parties for the same claim. Patsy took no action to remove the action to federal court within the thirty (30) day statutory time limit for removal. On October 9 and 10, 2007, plaintiff served defendants Harris N.A. and Harris Bank N.A., respectively (collectively, the "Harris defendants"). On November 7, 2007, the Harris defendants removed the case to this court, and Patsy filed a written consent to removal.

Federal law provides that removal of a proceeding shall occur within 30 days of receipt of the civil action:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . .

28 U.S.C. § 1446(b).

Plaintiff argues that, because the Harris defendants' Notice of Removal and Patsy's Consent to Removal were filed fifty-five (55) days after Patsy was served, removal was untimely and the case should be remanded. Plaintiff points to the "first-served rule" applied by a number of district courts in this circuit and elsewhere. Under the "first-served rule," in cases involving multiple defendants, the thirty-day time limit for removal commences for all defendants when service is accomplished on the first-served defendant. *See, e.g., Henderson v. Holmes*, 920 F. Supp. 1184, 1187-88 (D. Kan. 1996); *Cellport Systems, Inc. v. Peiker Acoustic*, 335 F. Supp.2d 1131, 1132-34 (D. Colo. 2004); *Smola v. Trumbull Ins. Co.*, 317 F. Supp. 2d 1232, 1232-33 (D. Colo. 2004); *Bachman v. Fred Meyer Stores, Inc.*, 402 F. Supp. 2d 1342, 1345-46 (D. Utah 2005); *Betts v. Larsen Intermodal Services*, Inc., 2006 WL 1748600 (S.D. Ala. 2006); *Air Starter Components, Inc. v. Molina*, 442 F. Supp. 2d 374, 380-81 (S.D. Tex. 2006). *But see, Hartford Steam Boiler Inspection and Ins. Co. v. Riviera Elec. LLC*, 2006 WL 1046962 (D. Colo. 2006). The "first-served rule" appears to be the majority rule. *Bachman*, 402 F. Supp. 2d at 1345.

"The courts must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998). The presumption is therefore against removal jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "[R]emoval statutes are construed narrowly; where

plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *aff'd* 546 U.S. 132 (2005). The first-served rule is consistent with congressional intent, the recognized construction of removal statutes, and the presumption against removal jurisdiction.

In the alternative, this court concludes that the Notice of Removal facially fails to establish complete diversity. The Notice of Removal asserts in conclusory fashion that plaintiff's allegations that Patsy is a citizen of Oklahoma "is incorrect." The Harris defendants then set forth three unsupported facts which they contend establish that Patsy is a citizen of Arizona. The Notice contains no evidentiary submission, no affidavits, and no other objective proof of the conclusory citizenship allegations.[1] Patsy herself made no such allegations, and she made no such claim in her "Consent to Removal" or any other filing. The attempts by the Harris defendants to append a sworn statement from Patsy to their response brief is inadequate, as the removing party must meet its burden in the Notice of Removal itself, not in some later filing. *Laughlin*, 50 F.3d at 873; *Friedman v. Shelter Mutual Ins. Co.*, 2007 WL 3113428 (N.D. Okla. 2007). As the Harris defendants have not met their burden of establishing diversity of citizenship in their Notice of Removal, the case must be remanded.

In light of the objectively reasonable, good faith legal issues presented in connection with removal and remand in this case, the court concludes that this order ought not require payment of fees and costs as authorized by 28 U.S.C. § 1447(c).

WHEREFORE, Plaintiffs' Motion to Remand [Docket No. 15] is granted. The Court Clerk

---

[1] This court agrees with the Harris defendants that diversity of citizenship must be assessed as of the time of the filing of the Petition, and not on January 10, 2006, the date relevant to Judge James H. Payne's determination in another case in this district that Patsy was domiciled in the state of Oklahoma. The Petition in this case was filed fifteen months later, in April of 2007.

is hereby directed to remand this action to the District Court of Washington County, Oklahoma.

IT IS SO ORDERED this 27th day of June 2008.

*Gregory K. Frizzell*
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma